UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| TYRONE C. WILLIAMS, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Case No. 14-CV-2220 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## OPINION

On September 11, 2014, Petitioner, Tyrone C. Williams, filed a pro se Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (#1). On November 26, 2014, the Government filed its Response to Petitioner's Motion (#5).

This court has carefully and thoroughly reviewed the arguments of the parties and the record in this case, including the edited and unedited DVDs of Petitioner's statement to police. This court has also reviewed the record in Petitioner's criminal case. Following this careful consideration, Petitioner's pro se Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (#1) is DENIED.

FACTS

On September 1, 2009, Petitioner was charged by indictment, in Case No. 09-CR-20066, with one count of possession of five or more grams of a substance containing cocaine base (crack) with the intent to distribute it. The Government subsequently filed notice that Petitioner could qualify for an enhanced sentence due to four prior felony drug convictions. Petitioner's jury trial began on January 31, 2011. The evidence

showed that, on July 16, 2009, Petitioner was a passenger in a car which was stopped for speeding. The driver consented to a search of the car and four bags of crack cocaine were found. The Government played an edited DVD of Petitioner's videotaped statement to David Dailey, a police officer with the Decatur Police Department. Petitioner's attorneys agreed to the edited DVD being played for the jury. A transcript of the interview was provided to the jury. The jury was instructed that the "recording is the evidence and the transcript is provided to you only as a guide to help you follow as you listen to the recording." The jury was further instructed that "[t]he transcript is not evidence of what was actually said. If you notice any differences between what you hear on the recording and what you read in the transcript, you must rely on what you hear not on what you read."

The DVD played for the jury showed that Dailey advised Petitioner of his Miranda rights. Petitioner agreed to waive his rights and continue the interview with Dailey. A written form setting out the Miranda rights was admitted into evidence. The form stated:

1. You do not have to make any statement at this time and have a right to remain silent.

2. Anything you say can and will be used against you in a Court of Law.

3. You are entitled to an attorney before any interview and to have an attorney present at the interview.

>   4. If you cannot afford an attorney, one will be appointed for you.
>
>   5. The above rights have been read to me and by me, and I fully understand those rights. Understanding the above rights, I do agree to speak with officer(s) interviewing me.

Petitioner initialed each of the five statements and signed and dated the form. Petitioner then stated that he had traveled to Chicago the day before with the driver of the car and had obtained the crack cocaine while in Chicago. Petitioner stated he was en route back to Decatur where he would eventually distribute the crack cocaine.

On February 3, 2011, the jury found Petitioner guilty of the offense charged. At sentencing on March 31, 2011, the court imposed a sentence of 120 months in the Federal Bureau of Prisons and eight years of supervised release. This was the statutory minimum sentence, based on the drug quantity and Petitioner's prior felony drug convictions. The court denied Petitioner's request to apply the provisions of the Fair Sentencing Act, which was effective August 3, 2010, based upon the Seventh Circuit Court of Appeals ruling that the Fair Sentencing Act did not apply retroactively to offense conduct that had occurred before the Act's effective date.

Petitioner filed a Notice of Appeal. Petitioner's appellate counsel moved to stay briefing in the Seventh Circuit while *Dorsey v. United States* was under consideration in the United States Supreme Court. Appellate counsel advised the Seventh Circuit that he did not believe he could "raise any non-frivolous issue, except for possibly the

*Dorsey* issue." On April 17, 2012, the Supreme Court decided *Dorsey*. *Dorsey v. United States*, 132 S. Ct. 2321 (2012). The Supreme Court held that the Fair Sentencing Act applied to offenders, like Petitioner, whose crimes preceded the effective date of the Act, but who were sentenced after that date. *Id.* at 2335. After the Supreme Court decided *Dorsey*, and upon the recommendation of both parties, the Seventh Circuit vacated Petitioner's sentence and remanded the case for resentencing in accordance with *Dorsey* and the Fair Sentencing Act.

On January 12, 2013, Petitioner was resentenced to a term of 72 months imprisonment and six years of supervised release. Petitioner appealed his sentence following remand. Petitioner objected to the special conditions of supervised release, which were identical to those contained in the original judgment and which were re-imposed following remand. On February 10, 2014, the Seventh Circuit affirmed, finding that Petitioner had waived his challenge to the special conditions of supervised release because the issue was not raised in the first appeal and also finding that the issue was beyond the scope of the remand following the first appeal.

ANALYSIS

On September 11, 2014, Petitioner filed his Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 (#1). Petitioner raised four claims: (1) his attorneys and the Government committed fraud upon the court by stipulating that only a portion of the videotaped interview should be shown to the jury and omitting the portion of the video which showed that he was denied his right to an attorney during the interview;

4

(2) Dailey was allowed to tamper with the evidence; (3) he was denied the effective assistance of trial and appellate counsel because trial counsel failed to file a motion to suppress the video of his interview and appellate counsel failed to challenge his conviction on appeal; and (4) the admission of his involuntary confession was error and violated his constitutional rights and the evidence was insufficient to convict him.

On November 26, 2014, the Government filed its Response (#5). The Government argued that Petitioner's Motion under § 2255 is without merit for numerous reasons and that no evidentiary hearing is required.

This court notes that relief under 28 U.S.C. § 2255 is reserved for extraordinary situations. *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996), *citing Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993). Relief under § 2255 is an extraordinary remedy "because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007), *citing Kafo v. United States*, 467 F.3d 1063, 1068 (7th Cir. 2006). Accordingly, a petitioner may avail himself of relief under § 2255 only if he can "demonstrate that there are flaws in the conviction or sentence which are jurisdictional in nature, constitutional in magnitude, or result in a complete miscarriage of justice." *Boyer v. United States*, 55 F.3d 296, 298 (7th Cir. 1995); *see also Swanson v. United States*, 692 F.3d 708, 714 (7th Cir. 2012). Based upon this standard, and the record in this case, this court agrees with the Government that Petitioner's claims are entirely without merit and do not warrant an evidentiary hearing or relief under 28 U.S.C. § 2255.

5

Petitioner's first claim is that there was a fraud on the court when an edited version of his videotaped statement to Dailey was played for the jury. Petitioner contends that the portion of the video not shown would have presented evidence to the jury that he was denied his right to an attorney during his interview. Petitioner claims that, in the full version of the taped interview, he "unequivocally" invoked his right to an attorney. This court notes that "[f]raud upon the court may not be presumed but must be proved." *United States v. Perlman*, 430 F.2d 22, 25 (7th Cir. 1970). This court concludes that there is absolutely no support in the record for Petitioner's claim.

This court has reviewed the DVDs of Petitioner's statement to Dailey. The edited DVD includes the entire conversation between Dailey and Petitioner where Dailey advised Petitioner of his rights under Miranda and Petitioner signed and initialed the form waiving his rights. Contrary to Petitioner's claim, he did not ask for an attorney during the interview. Neither the edited nor the unedited version include a request for an attorney, unequivocal or otherwise. Both DVDs show that Petitioner asked a question about his right to an attorney for the interview. Dailey responded to the question and then Petitioner waived his Miranda rights, both orally and in writing. Thus, this court agrees with the Government that all pertinent portions of the interview were played for the jury. This court further agrees that a review of both the edited and full video conclusively show that Petitioner never asked for an attorney, was not coerced to make his confession, signed and initialed the form advising him of his rights,

and indicated during the reading of those rights by Dailey that he understood and waived his rights. Petitioner's claim of "fraud upon the court" is wholly without merit.

Petitioner has also argued that Dailey was improperly allowed to tamper with the evidence. Petitioner has attached a document entitled "Follow Up Investigation Report," dated January 21, 2011. In this document, Dailey stated that he signed out the DVD interview with Petitioner. Dailey further stated that he had previously been provided a transcription of the interview that was completed by Kendra Kinney of the U.S. Attorney's Office. Dailey stated that Kinney had requested that he review the video and compare it to the transcription. Dailey stated that "[u]pon reviewing the entire video, I made some corrections and submitted the corrections to [Kinney]. I later submitted the interview back into evidence." Based upon this document, Petitioner contends that the transcript of the interview was altered by Dailey. Petitioner has argued that you can clearly hear on the video that he stated that he wanted to talk to a lawyer and Dailey altered the transcript by inserting "This interview?" instead of Petitioner's oral request for an attorney.

Following this court's careful review of the DVDs of the interview, edited and unedited, this court agrees with the Government that it is clear that Petitioner says exactly what the transcript indicates. This court further agrees with the Government that the document provided by Petitioner actually shows that the chain of custody for the DVD and transcript was preserved and that Dailey was contacted to review and compare the transcript with the original recording to make certain that it had been

accurately transcribed, as is customary practice. This court concludes that there is absolutely no basis for Petitioner's claim.

Petitioner also claims that he was denied the effective assistance of trial and appellate counsel. Petitioner claims that his trial counsel was ineffective for failing to file a motion to suppress the video of his interview and challenge his involuntary confession and his appellate counsel was ineffective for failing to challenge his conviction on appeal.

"The Sixth Amendment to the Constitution accords criminal defendants the right to effective assistance of counsel." *Wyatt v. United States*, 574 F.3d 455, 457 (7th Cir. 2009). To succeed on a claim of ineffective assistance, a petitioner must prove: (1) his attorney's performance fell below an objective standard of reasonableness; and (2) he suffered prejudice as a result. *Strickland v. Washington*, 466 U.S. 668, 678-88, 693 (1984); *Wyatt*, 574 F.3d at 457-58. With respect to the performance prong of the two-part test, a petitioner must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Wyatt*, 574 F.3d at 458, *quoting Strickland*, 466 U.S. at 689. A petitioner "must establish the specific acts or omissions of counsel that he believes constituted ineffective assistance" and the court then determines "whether such acts or omissions fall outside the wide range of professionally competent assistance." *Wyatt*, 574 F.3d at 458. Regarding the prejudice prong of the two-part test, the petitioner must show that there is a reasonable

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694.

The Government is correct that, when the claim of ineffective assistance is based on counsel's failure to present a motion to suppress statements, the Seventh Circuit requires the petitioner to prove that the motion was meritorious. *See Gilbert v. Merchant*, 488 F.3d 780, 790 (7th Cir. 2007); *United States v. Cieslowski*, 410 F.3d 353, 360 (7th Cir. 2005). Where an ineffective assistance claim is based on an attorney's failure to raise a viable issue on appeal, the court "must first analyze the trial court record to determine whether [the petitioner's] appellate attorney, in fact, ignored 'significant and obvious' issues." *Blake v. United States*, 723 F.3d 870, 888 (7th Cir. 2013).

This court agrees with the Government that there was no basis for Petitioner's trial counsel to file a motion to suppress and challenge Petitioner's videotaped confession. This court concludes that, because Petitioner could not present a meritorious challenge to the statements he made following his arrest, Petitioner has not shown that his counsel's performance was deficient under the *Strickland* standard and has also not shown that he was prejudiced by his trial counsel's failure to file a motion to suppress. Failure to raise a losing argument does not constitute ineffective assistance of counsel. *Stone v. Farley*, 86 F.3d 712, 717 (7th Cir. 1996), *citing Strickland*, 466 U.S. at 687.

This court also agrees with the Government that Petitioner's claim that his appellate counsel was ineffective fails as well. Petitioner has focused on his appellate

counsel's failure to raise the improper admission of his "involuntary" statement and failure to challenge his conviction. This court concludes that these issues are totally without merit so the failure of his appellate counsel to raise them cannot constitute ineffective assistance of counsel. As noted, failure to raise a losing argument does not constitute ineffective assistance of counsel. *See Stone*, 86 F.3d at 717.

Petitioner also claims that his statement was made in violation of his rights under Miranda and there was insufficient evidence to convict him. This court agrees with the Government that this claim is meritless. This court has already concluded that Petitioner had no basis to challenge the admissibility of his statement. This court further concludes that there was sufficient evidence to convict Petitioner of the offense charged based upon his properly admitted statement, which was corroborated by the physical evidence found in the vehicle and his knowledge of exactly how much crack cocaine was found during the search of the vehicle.

For all of the reasons stated, Petitioner's Motion (#1) is DENIED.

CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, this court denies a certificate of appealability in this case. A certificate of appealability may issue only if the applicant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Therefore, a certificate of appealability should issue only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S.

10

473, 484 (2000). This court concludes that jurists of reason would not find it debatable whether Petitioner's Motion states a valid claim of the denial of a constitutional right.

IT IS THEREFORE ORDERED THAT:

(1) Petitioner's pro se Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (#1) is DENIED.

(2) Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability is DENIED.

(3) This case is terminated.

ENTERED this  2nd  day of  April , 2015

s/HAROLD A. BAKER
U.S. DISTRICT JUDGE